**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Anuar Soto-Arango, <br><br> Carlos Humberto Soto-Arango, <br><br> Elbar David Soto-Arango, <br><br> Movants-Defendants <br><br> v. <br><br> United States of America, <br><br> Respondant-Plaintiff | CIVIL ACTION NOS. 04-4316, 04-4317, 04-4318 (DRD) <br><br><br> **OPINION** |

Anuar Soto-Arango
#60680-053
McRae Correctional Facility
1000A Jim Hammock Dr.
McRae, GA 31055
*Pro Se* Petitioner

Carlos Humberto Soto-Arango
#60681-053
McRae Correctional Facility
1000A Jim Hammock Dr.
McRae, GA 31055
*Pro Se* Petitioner

Elbar David Soto-Arango
#60682-053
McRae Correctional Facility
1000A Jim Hammock Dr.
McRae, GA 31055
*Pro Se* Petitioner

Christopher J. Christie
United States Attorney

1

  By: Serina M. Vash, Esq.
      Assistant U.S. Attorney
970 Broad Street
Newark, New Jersey 07102

**DEBEVOISE, Senior District Judge**

## BACKGROUND

Petitioners, Anuar Soto-Arango, Carlos Humberto Soto-Arango, and Elbar David Soto-Arango, pleaded guilty to one count of conspiracy to import in excess of 1 kilogram of heroin, in violation of 21 U.S.C. §§ 960, 963, and were sentenced to seventy months of incarceration, in accordance with the United States Sentencing Guidelines, on April 14, 2003, January 27, 2003, and April 14, 2003, respectively. On September 3, 2004, Petitioners filed petitions under 28 U.S.C. § 2255, challenging the sentences imposed upon them as violations of the Sixth Amendment, as interpreted in Blakely v. Washington, 542 U.S. 296 (2004).[1]

## DISCUSSION

**A.  Movants Meet the Threshold Requirement for Relief Under Section 2255**

As a threshold matter, Movants must establish that they are prisoners in custody under a sentence of a federal court.  28 U.S.C. § 2255 states in relevant part that:

> [a] prisoner in custody under a sentence of a court established by Act of
>   Congress claiming the right to be released upon the ground that the
>   sentence was imposed in violation of the Constitution or laws of the

---

[1] Petitioners filed their petitions before the Supreme Court's decision in United States v. Booker, 543 U.S. (2005), which specifically held the mandatory application of the Sentencing Guidelines unconstitutional, but make a claim identical to the holding of Booker, that facts found by preponderance of the evidence by a judge cannot be the basis of an increased sentence.  The claim is thus now governed by the intervening decision in Booker.  Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).

2

> United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because Movants were sentenced to incarceration by this Court, and are currently held at the McRae Correctional facility, they are prisoners in custody within the meaning of 28 U.S.C. § 2255.

### B. Standard of Review

The standard of review for a motion for relief under § 2255 is strict. In order to gain relief under § 2255, the movant must show that there was a:

> . . . fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure. It [must present] ... 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'

United States v. Timmreck, 441 U.S. 780, 783 (1979) (internal citations omitted, italics in original).

### C. The Alleged Sixth Amendment Violation

As a preliminary matter, petitioners' contention that the rule in Booker is both substantive and procedural is untenable in light of the Court of Appeals for the Third Circuit's holding in Lloyd that the rule is procedural and not substantive. Lloyd, 407 F.3d at 612 n.2 (citing Schiro v. Summerlin, 542 U.S. 348 (2004)). Normally, new constitutional rules of criminal procedure "will not be applicable to those cases which have become final before the new [rule is] announced." Lloyd, 407 F.3d at 611, (quoting Teague v. Lane, 489 U.S. 288, 310 (1989)) (alteration in original). Under Teague, there is a three-step analysis to determine whether or not a

3

new rule of criminal procedure applies retroactively to a case on collateral review. Lloyd, 407 F.3d at 611. First, the court must determine whether or not Petitioners' convictions became final before the Supreme Court's decision in Booker. Second, the court must determine whether the Booker rule is "new" under Teague. Third, assuming that the first two questions are answered in the affirmative, the court must determine whether an exception to the non-retroactive application rule applies. Id.

Petitioners' judgments of conviction were entered on April 23, 2003. The Court of Appeals has held that unappealed criminal convictions and sentences become final when the period in which to file a direct appeal expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). According to Fed. R. App. P. 4(b)(1)(A)(i), Petitioners had ten days from the entry of judgment in which to appeal their sentences. The right to appeal the sentences thus expired on May 7, 2003, and that is when the judgments became final. Thus the first condition of the Teague inquiry is met. With respect to the second condition, the Court of Appeals has already held that the rule in Booker was "new." Lloyd, 407 F.3d at 612-13 (citations omitted).

Petitioners have argued, alternatively, that even if the rule in Booker is procedural and not substantive, it falls under the exception to non-retroactivity for "watershed" rules of criminal procedure. This argument, however, has already been rejected by the Court of Appeals. See Lloyd, 407 F.3d at 614 (citing Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).

In short, because the Court of Appeals has held that "Booker announced a rule that is

'new' and 'procedural,' but not 'watershed,' <u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> was issued," <u>Lloyd</u>, 407 F.3d at 615-16, Petitioners' claims are baseless, and must be dismissed.

## CONCLUSION

Movants have not demonstrated sufficient grounds to vacate, set aside or correct their sentences under 28 U.S.C. § 2255. No evidentiary hearing is required because all material facts are a matter of record and cannot be disputed. Therefore, the motion will be dismissed without the issuance of a certificate of appealability.

       /s/ Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:       July 13, 2006

5